UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRIAN SPILSBURY, an individual and as trustee of THE BRIAN E. SPILSBURY TRUST; DEE ANN SPILSBURY, an individual; KEVIN SPILSBURY, an individual and as trustee of THE KEVIN J. SPILSBURY TRUST; ANTHONETTE SPILSBURY, an individual; JOINT FORCES, LLC, a Nevada limited liability company; PREMIER MECHANICAL, LLC, a Nevada limited liability company; CREST RIDGE, LLC; a Nevada limited liability company; R. GLENN WOODS, as trustee of THE KEVIN J. SPILSBURY 2000 TRUST and THE BRIAN E. SPILSBURY 2000 TRUST, Plaintiffs, vs. U.S. SPECIALTY INSURANCE COMPANY, a Texas corporation; AMERICAN CONTRACTORS INDEMNITY COMPANY, a California corporation; HCC SURETY GROUP, a Texas corporation; TEXAS BONDING COMPANY, a Texas corporation; UNITED STATES SURETY COMPANY, a Maryland corporation; MTC FINANCIAL, INC., d/b/a TRUSTEE CORPS, a California corporation; DOES I through X, inclusive; and ROE ENTITIES I through X, inclusive, Defendants. | Case No.: 2:14-cv-00820-GMN-GWF<br><br>**ORDER** |

Pending before the Court is a Motion to Dismiss (ECF No. 19) and a Motion to Strike Unrelated Plaintiffs (ECF No. 20) filed by Defendants U.S. Specialty Insurance Company ("USSIC") and American Contractors Indemnity Company ("ACIC") (collectively, "the Surety Defendants"). Both motions are fully briefed.

## I. BACKGROUND

This case arises out of foreclosure proceedings based upon underlying general indemnity agreements executed between Plaintiffs Premier Mechanical, LLC ("Premier"), Joint Forces, LLC ("Joint Forces"), Brian Spilsbury, Dee Ann Spilsbury, Kevin Spilsbury, Anthonette Spilsbury, Crest Ridge, LLC, R. Glen Woods, as trustee of the Brian E. Spilsbury Trust 2000 and Kevin J. Spilsbury Trust 2000, the Brian E. Spilsbury Trust 2000, and the Kevin J. Spilsbury Trust 2000 (collectively, "Plaintiffs"), and Defendants U.S. Specialty Insurance Company, American Contractors Indemnity Company, Texas Bonding Company, United States Surety Company, and HCC Surety Group (collectively, "Defendants").

Plaintiff Brian E. Spilsbury Trust 2000 owns the real property located at 2868 Anaheim Avenue, Henderson, Nevada 89074 (the "Anaheim Property"). (Am. Compl. ¶ 7, ECF No. 9-1). Plaintiffs Brian and Dee Ann Spilsbury reside at the Anaheim Property. (*Id.* ¶ 16). Additionally, Plaintiff Kevin J. Spilsbury Trust 2000 owns the real property located at 244 Bethwick Circle, Las Vegas, Nevada 89120 (the "Bethwick Property"). (*Id.* ¶ 8). Plaintiffs Kevin and Anthonette reside at the Bethwick Property. (*Id.* ¶ 16).

Plaintiffs allege that Defendants, as sureties, issued Performance and Labor and Material Bonds (the "Bonds") to Premier and Joint Forces for two construction projects. (*Id.* ¶ 17). Plaintiffs also executed general indemnity agreements ("GIAs") for each construction project. (*Id.*). The GIAs provided Defendants "with a general power of attorney, not coupled with an interest, in the event of a default of the Bonds." (*Id.* ¶ 18). Plaintiffs further allege that, during the course of performance, "Premier and Joint Forces were wrongfully terminated by the respective general contractors for the Construction Projects." (*Id.* ¶ 20). Additionally, Plaintiffs allege that "[a]t the time of their terminations, [] Premier and Joint Forces were owed, and are still owed, substantial sums of money by the respective General Contractors," for work performed for the construction projects. (*Id.* ¶ 23).

Moreover, Plaintiffs allege that after the terminations, the general contractors submitted extensive claims against the Bonds, and Defendants remitted "sizeable payments to the General Contractors." (*Id.* ¶ 24). On June 27, 2011, Plaintiffs' then-counsel notified Defendants that the power of attorney provided in the GIAs was revoked. (*Id.* ¶ 25). Additionally, on July 7, 2011, to secure the obligations against Plaintiffs for payments made pursuant to the Bonds, Defendants self-executed deeds of trusts against the Anaheim Property and the Bethwick Property (collectively, the "Deeds of Trust"). (*Id.* ¶ 26).

Subsequently, Defendants initiated an action in this District (the "First Federal Court Action"), seeking to enforce various terms of the GIAs and seeking judicial foreclosure of the self-executed Deeds of Trust. (*Id.* ¶ 28). Plaintiffs filed a motion to dismiss in the First Federal Court Action. (*Id.* ¶ 31). As a result, Plaintiffs further allege that Defendants conceded to Plaintiffs' legal arguments in their motion to dismiss and "agreed to file an amended complaint that would remove the causes of action seeking to judicially foreclose against the Properties, and Defendants agreed to release and reconvey to Plaintiffs the Deeds of Trust against the Properties." (*Id.*). Plaintiffs filed counterclaims against Defendants after Defendants allegedly "reneged upon their agreement and failed and/or refused to reconvey the Deeds of Trust." (*Id.* ¶¶ 32–33). Plaintiffs' counterclaims against Defendants included slander of title, declaratory relief, preliminary injunction, and violations of NRS 107.077. (*Id.* ¶ 33). Plaintiffs eventually stipulated to dismiss the First Federal Court Action. (*Id.* ¶ 36).

Following the stipulated dismissal, Defendants initiated non-judicial foreclosure proceedings against the Anaheim Property. (*Id.* ¶ 37). Shortly thereafter, on May 7, 2014, Plaintiffs filed the instant action in the Eight Judicial District Court for the State of Nevada, alleging the following claims: (1) slander of title based on the Anaheim and Bethwick Properties; (2) declaratory relief based on the Anaheim and Bethwick Properties; (3) preliminary injunction based on the Anaheim and Bethwick Properties; (4) violations of NRS

107.077 based on the Anaheim and Bethwick Properties; and (5) violation of NRS 107.080 based on the Anaheim Property. (Compl. ¶¶ 40–116, ECF No. 1-1).  Defendants properly removed the case to this Court (Pet. For Removal, ECF No. 1), and Plaintiffs filed an Amended Complaint on May 19, 2014 (Am. Compl., ECF No. 9-1).

## II.  LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

In order to survive a motion to dismiss, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

If the court grants a motion to dismiss for failure to state a claim, leave to amend should

be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III.    DISCUSSION

#### A. Motion to Dismiss

As a preliminary matter, both parties agree that Plaintiffs' third and eighth claims for preliminary injunction are moot. (Mot. to Dismiss 2:6–7, ECF No. 19; Response n.8, ECF No. 30). Accordingly, the Court dismisses both claims with prejudice.

##### 1.  Statute of Limitations

Next, the Surety Defendants assert that Plaintiffs' first and sixth claims for slander of title and Plaintiffs' fourth and ninth claims for violations of NRS 107.077 are barred by the Nevada statutes of limitations. (Mot. to Dismiss 2:4–5, 2:11–13). "It is well-settled that in diversity cases federal courts must apply the choice-of-law rules of the forum state." *Ledesma v. Jack Stewart Produce, Inc.,* 816 F.2d 482, 484 (9th Cir. 1987). The relevant choice-of-law rule, as established by the Nevada Supreme Court, is the rule of *lex fori*: i.e., that "the Statute of Limitations of the forum [will] govern the remedy...." *Wilcox v. Williams,* 5 Nev. 206, 1869 WL 2402, at *4 (1869); *accord Sierra Diesel Injection Serv. v. Burroughs Corp.,* 648 F.Supp. 1148, 1152 (D. Nev. 1986) ("[T]he local law of the forum governs whether an action is barred by the statute of limitations."). Accordingly, the Court will apply the Nevada statutes of limitations to the claims in this action. Neither party disputes that Nevada's statute of limitations for Plaintiffs' claims for slander of title and violations of NRS 107.077 is two years.

(*See* Mot. to Dismiss 3:8–9, 4:3–5; *see also* Response 12:21, 21:13–22).

However, Plaintiffs assert that its claims survive dismissal under Nevada law based on the doctrines of equitable tolling and equitable estoppel. (Response 12:18–19). More specifically, Plaintiffs assert that equitable tolling applies because:

> Plaintiffs timely brought their slander of title causes of action in the First Federal Court Action. Defendants had notice of the slander of title causes of action and actually conducted discovery based thereon. Defendants voluntarily dismissed their non-judicial foreclosure actions. Plaintiffs' current claims relative to the Deeds of Trust, to the extent they are untimely, are not untimely due to Plaintiffs' failure to exercise diligence, but rather the unique circumstances of this matter, including Defendants promises to reconvey title. When it was apparent that Defendants were once again pursuing a course of action they abandoned in the First Federal Action, i.e., foreclosure, Plaintiffs immediately brought the present matter. Thus, equity requires that the statute of limitations be tolled.

(*Id.* 15:27–16:8). Additionally, Plaintiffs assert that equitable estoppel applies because Plaintiffs relied on Defendants' representations that the Deeds of Trust would be reconveyed when they agreed to dismiss the First Federal Court Action. (*Id.* 17:13–19). On the other hand, Defendants assert that the doctrines of equitable tolling and equitable estoppel do not apply because Plaintiffs were not diligent in pursuing their claims, Plaintiffs had knowledge of the underlying facts of their claims before the limitations period expired, Plaintiffs waited long after Defendants' representations of reconveyance before dismissing the First Federal Court Action, and Defendants would be prejudiced by the application of the doctrines. (Reply 12:3–15:16, ECF No. 33).

Nevada permits the use of equitable tolling "in situations where the danger of prejudice to the defendant is absent, and the interests of justice so require." *Seino v. Employers Ins. Co. of Nev.*, 111 P.3d 1107, 1112 (Nev. 2005) (alteration and quotation omitted). Nevada considers the following factors to determine whether equitable tolling is appropriate: the plaintiff's

diligence; the plaintiff's knowledge of the relevant facts; the plaintiff's reliance on authoritative statements that misled the plaintiff about the nature of his rights; any deception or false assurances by the defendant; the prejudice to the defendant that actually would result; and "any other equitable considerations appropriate in the particular case." *Id.*

Equitable estoppel focuses on the defendant's affirmative actions that prevent a plaintiff from filing a suit. *Santa Maria v. Pac. Bell,* 202 F.3d 1170, 1176 (9th Cir. 2000) (citing *Naton v. Bank of California,* 649 F.2d 691, 696 (9th Cir. 1981)).  To determine whether equitable estoppel applies, courts consider several factors, such as whether the plaintiff actually relied on the defendant's representations, whether such reliance was reasonable, whether there is evidence that the defendant's purpose was improper, whether the defendant had actual or constructive knowledge that its conduct was deceptive, and whether the purposes of the statute of limitations have been satisfied. *Naton,* 649 F.2d at 696 (citations omitted).

The Ninth Circuit has held that determination of the applicability of equitable tolling is generally not amenable to resolution on a Rule 12(b)(6) motion because its determination "necessitates resort to the specific circumstances of the prior claim: parties involved, issues raised, evidence considered, and discovery conducted." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993).  When a motion to dismiss is brought on the ground that the plaintiff's complaint is untimely, "a complaint cannot be dismissed unless it appears beyond a doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995).  "The sole issue is whether the complaint, liberally construed in light of our 'notice pleading' system, adequately alleges facts showing the *potential* applicability of the equitable tolling doctrine." *Cervantes*, 5 F.3d at 1277.

Here, the Court finds that Plaintiffs have alleged facts sufficient to show the potential applicability of the equitable tolling and equitable estoppel doctrines.  Plaintiffs allege that they

previously brought their present claims in the First Federal Court Action. (Am. Compl. ¶ 33). Moreover, Plaintiffs allege that they relied on the representations of Defendants to reconvey the Deeds of Trust for the Anaheim and Bethwick properties, and "Defendants reneged upon their agreement and failed and/or refused to reconvey the Deeds of Trust." (*Id.* ¶ 32). Furthermore, Plaintiffs allege that "Defendants continue to improperly and unlawfully encumber the Properties despite Plaintiffs' repeated demands upon Defendants to reconvey the Deeds of Trust." (*Id.*). Based on these allegations, Plaintiffs have alleged facts sufficient to show the potential applicability of the equitable tolling doctrine. Accordingly, the Court denies the Surety Defendant's Motion to Dismiss on the grounds that Plaintiffs' claims violated the statute of limitations.

### 2. Sufficiency of Pleadings

The Surety Defendants assert that Plaintiffs have failed to allege required facts to support their claims under NRS 107.077. NRS 107.077(1) provides as follows:

> Within 21 calendar days after receiving written notice that a debt secured by a deed of trust made on or after October 1, 1991, has been paid or otherwise satisfied or discharged, the beneficiary shall deliver to the trustee or the trustor the original note and deed of trust, if the beneficiary is in possession of those documents, and a properly executed request to reconvey the estate in real property conveyed to the trustee by the grantor. If the beneficiary delivers the original note and deed of trust to the trustee or the trustee has those documents in his or her possession, the trustee shall deliver those documents to the grantor.

Accordingly, to support a claim under NRS 107.077, a plaintiff must allege that it provided "written notice that a debt secured by a deed of trust made on or after October 1, 1991, has been paid or otherwise satisfied or discharged." However, Plaintiffs do not allege in their Amended Complaint that written notice was provided to the beneficiary of the Deeds of Trust. Thus, the Court grants the Surety Defendant's Motion to Dismiss as to these claims.

Although the Court dismisses Plaintiffs' claims for violations of NRS 107.077, the Court finds that Plaintiffs may be able to plead additional facts to support these claims. Accordingly, because the Court finds that Plaintiff may be able to plead additional facts to support these causes of action, the Court will grant Plaintiff leave to file a second amended complaint. Plaintiff shall file its second amended complaint within twenty (20) days of the date of this Order, if it can allege sufficient facts that plausibly establish violations of NRS 107.077. Failure to file a second amended complaint by this date shall result in the Court dismissing these claims with prejudice.

### B. Motion to Strike Unrelated Plaintiffs

The Surety Defendants move to strike the following as plaintiffs: Brian E. Spilsbury, individually and as trustee of The Brian E. Spilsbury Trust, Dee Ann Spilsbury, Kevin Spilsbury, individually and as trustee of The Kevin J. Spilsbury Trust, Anthonette Spilsbury, Premier Mechanical LLC, Joint Forces, LLC, and Crest Ridge, LLC. (Mot. to Strike 2:1–6, ECF No. 20). The Surety Defendants assert that "[e]ach of these individuals and/or entities is not the real-party-in-interest, as they do not own the properties at issue. Therefore, the Non-Owners lack standing to sue the Surety Defendants and they should be stricken from the Plaintiffs' Amended Complaint." (*Id.* 2:6–9). On the other hand, Plaintiffs assert that all Plaintiffs are necessary and indispensable parties pursuant to Rule 19 of the Federal Rules of Civil Procedure. (Response 6:16–21).

Article III of the United States Constitution limits the power of the judiciary to hear only "cases" and "controversies." U.S. Const. art. III, § 2; *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–60 (1992). Standing is a core component of the Article III case or controversy requirement and focuses on whether the action was *initiated by* the proper plaintiff. *See Davis v. Fed. Election Comm'n*, 554 U.S. 724, 732–33 (2008) (quoting *Friends of Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) ("[T]he party invoking

federal jurisdiction [must] have standing—the 'personal interest that must exist at the commencement of the litigation.'"); *see also Arakaki v. Lingle*, 477 F.3d 1048, 1059 (9th Cir. 2007) ("Standing ensures that, no matter the academic merits of the claim, the suit has been brought by a proper party."). The "irreducible constitutional minimum of standing" requires that a plaintiff demonstrate three elements. *Lujan*, 504 U.S. at 560.

> First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Id.* at 560–61 (internal quotation marks and citations omitted).

First, "[s]lander of title involves false and malicious communication, disparaging to one's title in land, and causing special damage." *Higgins v. Higgens*, 744 P.2d 530, 531 (Nev. 1987). Accordingly, the Court finds that only the title holders of the Anaheim and Bethwick properties have standing to bring a claim for slander of title. Plaintiffs allege that the Anaheim Property is owned by the Brian E. Spilsbury 2000 Trust and the Bethwick Property is owned by the Kevin J. Spilsbury 2000 Trust. (Am. Compl. ¶ 16). Therefore, only the Brian E. Spilsbury 2000 Trust has standing to bring a claim for slander of title against the Anaheim Property, and only the Kevin J. Spilsbury 2000 Trust has standing to bring a claim for slander of title against the Bethwick Property.

Second, Plaintiffs seek declaratory relief of the respective rights and duties of Plaintiffs and Defendants as they pertain to the deeds of trust for the Anaheim and Bethwick properties. The parties to the Deed of Trust for the Anaheim Property include "R. Glen Woods, the Successor Trustee of the Brian E. Spilsbury 2000 Trust" and ACIC. Plaintiffs allege that R.

Glen Woods and Brian Spilsbury are both trustees of the Brian E. Spilsbury 2000 Trust. Accordingly, the Court finds that only R. Glen Woods and Brian Spilsbury, as parties to the Deed of Trust for the Anaheim Property, may bring the declaratory relief claim for the Deed of Trust for the Anaheim Property.

The parties to the Deed of Trust for the Bethwick Property include "R. Glen Woods, or his Successors, as Trustee of the Kevin J. Spilsbury 2000 Trust" and ACIC. Plaintiffs allege that R. Glen Woods and Kevin Spilsbury are both trustees of the Kevin J. Spilsbury 2000 Trust. Accordingly, the Court finds that only R. Glen Woods and Kevin Spilsbury, as parties to the Deed of Trust for the Bethwick Property, may bring the declaratory relief claim for the Deed of Trust for the Bethwick Property.

Third, Plaintiffs assert a claim for relief for violation of NRS 107.077 as to both the Anaheim and Bethwick properties. NRS 107.077 provides for liability "to any party to the deed of trust." Accordingly, the Court finds that only R. Glen Woods and Brian Spilsbury, as parties to the Deed of Trust for the Anaheim Property, have standing to bring a claim for relief for violation of NRS 107.077 for the Anaheim Property. Additionally, the Court finds that only R. Glen Woods and Kevin Spilsbury, as parties to the Deed of Trust for the Bethwick Property, have standing to bring a claim for relief for violation of NRS 107.077 for the Bethwick Property.

Fourth, Plaintiffs assert a claim for relief for violation of NRS 107.080(2) as to the Anaheim Property. NRS 107.080 provides for liability to "the grantor or the person who holds title of record." Accordingly, only the Brian E. Spilsbury 2000 Trust, as owner of the Anaheim Property, has standing to bring a claim for violation of NRS 107.080(2) as to the Anaheim Property.

Based on the foregoing, Dee Ann Spilsbury, Anthonette Spilsbury, Premier Mechanical LLC, Joint Forces, LLC, and Crest Ridge, LLC, do not have standing to bring any of the claims

asserted in Plaintiffs' Amended Complaint and are dismissed from this action.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that the Surety Defendants' Motion to Dismiss (ECF No. 19) is **GRANTED in part** and **DENIED in part**.  The Court denies the Surety Defendant's Motion to Dismiss on the grounds that Plaintiffs' claims violated the statute of limitations.  However, the Court grants the Surety Defendant's Motion to Dismiss as to Plaintiffs' claims for relief for violation of NRS 107.077.

**IT IS FURTHER ORDERED** that Plaintiff shall file its second amended complaint by **February 26, 2015**.  Failure to file a second amended complaint by this date shall result in the Court dismissing these claims with prejudice.

**IT IS FURTHER ORDERED** that the Surety Defendants' Motion to Strike Unrelated Plaintiffs (ECF No. 20) is **GRANTED**.  Accordingly, Dee Ann Spilsbury, Anthonette Spilsbury, Premier Mechanical LLC, Joint Forces, LLC, and Crest Ridge, LLC are **DISMISSED** from this action.

**DATED** this 4th day of February, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge