**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BRIAN SPILSBURY, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES SPECIALTY INSURANCE ) <br> COMPANY, *et al.*, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 2:14-cv-00820-GMN-GWF <br><br> **<u>ORDER</u>** |

This matter is before the Court on Third Party Plaintiff U.S. Specialty Insurance Company's Motion to Enlarge Time to Serve Summons and Complaint and to Serve by Publication (#93), filed on July 16, 2015.

U.S. Specialty Insurance Company ("USSIC") moves to extend time to serve its amended complaint on Defendants Angelo Carvalho and Cam Consulting. USSIC requests an extension of 90 days to effectuate service on the Defendants. Fed. R. Civ. P. 4(m) requires the summons and complaint to be served on the defendant within 120 days of filing the complaint. Should the plaintiff fail to effectuate service within the 120 day limit, the Court will extend the time for service if the plaintiff establishes that good cause exists for the failure. The Court has broad discretion to extend time for service. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2003).

USSIC represents that it have been diligently attempting to serve the Defendants, but have been unsuccessful. USSIC has attempted to serve both Defendants through Mr. Carvalho, as he was the registered agent and President of Defendant Cam Consulting. In addition to two attempts at personal service and a call to the Defendant's last known phone number, USSIC has searched (1) the records of the secretary of state; (2) the business and public records of the city of North Las Vegas; (3) election campaign information; (4) Rotary Club affiliations; (5) social media sites; (6) city of Las Vegas records;

1  (7) the records of the Clark County Assessor; and (8) Westlaw for information that might lead to the
2  Defendants' current address, all to no avail.  USSIC has sufficiently demonstrated that is has been
3  diligent in searching for the Defendants, and that good cause exists for granting an extension of time.
4        USSIC also moves for an order granting permission to serve the Defendants by publication.
5  Pursuant to Fed.R.Civ.P. 4(e), service of summons by publication is governed by the law of the state in
6  which the District Court is located.  Nevada R. Civ. P. 4(e)(1)(i) provides that the Court may permit
7  service by publication if, after a demonstration of due diligence, the plaintiff is unable to find the
8  defendant within the state or the plaintiff shows that defendants are within the state but avoiding the
9  service of summons.  The question of due diligence is within the Court's discretion, as there is no
10 objective, formulaic standard for determining what is, or is not, due diligence under Nevada law.  *Abreu*
11 *v. Gilmer,* 985 P.2d 746, 749 (Nev. 1999).  As discussed above, USSIC has been sufficiently diligent in
12 attempting to locate Defendant Carvalho.
13       Finally, USSIC moves to serve Defendant Cam Consulting via the Secretary of State in
14 accordance with NRCP 4(d)(1).  NRCP 4(d)(1) allows the plaintiff to effectuate service upon a Nevada
15 corporation, if plaintiff is unable to effectuate personal service upon the corporation, by delivering to
16 the Secretary of State a copy of the summons and complaint, and by posting a copy in the office of the
17 clerk of the court where the action is pending.  The plaintiff is required to demonstrate that personal
18 service could not be effectuated upon the defendant before the defendant may be served via the
19 Secretary of State.  USSIC has demonstrated that it has diligently attempted to serve Defendant Cam
20 Consulting, and is unable to do so.  Accordingly,
21       **IT IS HEREBY ORDERED** that Third Party Plaintiff U.S. Specialty Insurance Company's
22 Motion to Enlarge Time to Serve Summons and Complaint and to Serve by Publication (#93) is
23 **granted**.  Defendant Angelo Carvalho may be served by Plaintiff through publication.  Plaintiff shall
24 publish the summons and complaint at least once a week for four (4) consecutive weeks in a newspaper
25 of general circulation published in Clark County, Nevada.  Plaintiff must also mail by U.S. Post Office
26 a copy of the summons and complaint to Defendant Carvalho's last known residence pursuant to NRCP
27 4(e)(1)(iii).
28 . . .

**IT IS FURTHER ORDERED** that Third Party Plaintiff USSIC may serve Defendant Cam Consulting in accordance with NRCP 4(d)(1).

**IT IS FURTHER ORDERED** that Third Party Plaintiff USSIC shall provide proof of service no later than **October 16, 2015**.

**DATED** this 17th day of July, 2015.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge